```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PIOTR NOWAK                     :    CIVIL ACTION
                                :
         v.                     :
                                :
PENNSYLVANIA PROFESSIONAL       :
SOCCER, LLC and KEYSTONE        :
SPORTS AND ENTERTAINMENT, LLC   :    NO. 12-4165
```

MEMORANDUM

McLaughlin, J.                                    September 26, 2012

    This case arises out of an employment contract (the "Agreement") entered into on June 1, 2009, between the plaintiff, Piotr Nowak, and Pennsylvania Professional Soccer, LLC (the "Club"). The Agreement permitted the Club to terminate the plaintiff's employment with written notice upon the occurrence of certain for-cause events. On June 13, 2012, the Club invoked its right to terminate Nowak for cause and issued written notice of its intent to do so.

    The plaintiff filed this suit against the Club and Keystone Sports and Entertainment LLC, the owner of the Club, (collectively, "Defendants") seeking a declaratory judgment that the defendants failed to satisfy the conditions precedent to terminate his employment for cause under the Agreement.

    The defendant moves to dismiss on the grounds that the Agreement has an enforceable arbitration clause. The Court will grant the defendant's motion, compel arbitration, and stay the

case pending arbitration.

I.  Facts

The parties agree that Article XIII of the Agreement contains the following arbitration clause: "Any controversy or claim arising out of or relating to this Agreement or the breach hereof, including, without limitation, any claims for wrongful termination or employment discrimination or disputes regarding Manager's right to Severance Payments hereunder, shall be settled by arbitration in accordance with the rules of the American Arbitration Association and under the laws of the State of Pennsylvania (without giving effects to the choice or conflict of law principles thereof); provided, however, that nothing herein shall prevent either party from seeking equitable relief from a court of competent jurisdiction."

II.  Analysis

A.  The Arbitration Clause Covers the Instant Dispute

Pennsylvania law is clear that when "a party to a civil action seeks to compel arbitration, the court must employ a two-part test to determine if arbitration is required."  Apollo Metals, Ltd. v. Electroplating Tech. Ltd., No. 06-5245, 2009 U.S. Dist. LEXIS 109382, at *9, (E.D. Pa. Nov. 23, 2009) (citing

Keystone Technology Group, Inc. v. Kerr Group, Inc., 824 A.2d 1223, 1227 (Pa. Super. Ct. 2003)).  First, it must be determined whether a valid agreement to arbitrate exists, and second, if such an agreement does exist, it must be determined if the dispute involved is within the scope of the arbitration provision.  Id.

    Here, there is no dispute between the parties that the Article XIII arbitration clause exists in the Agreement, but the parties disagree about whether the instant dispute falls within the scope of the arbitration clause.

    The Supreme Court has instructed that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."  Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983).

    Here, the language of Article XIII states that disputes "arising out of or related to the Agreement" including those related to "wrongful termination" and "severance pay" shall be settled in arbitration.  That language speaks to precisely the type of dispute at issue in the instant case so the only remaining issue to consider is the arguments over whether the plaintiff's declaration judgment action falls under the arbitration clause's exception for equitable relief.

B.   The Plaintiff's Declaratory Judgment Action Does Not Fall Under the Exception for Equitable Relief

The law in the Third Circuit is that whether a claim for declaratory judgment is equitable or legal in nature depends on what kind of suit the claim would have been if no declaratory judgment remedy existed. See AstenJohnson, Inc. v. Columbia Cas. Co., 562 F.3d 213, 223-224 (3d Cir. 2009). In AstenJohnson, the Third Circuit found that a declaratory judgment claim based on a breach of contract was not equitable in nature. Id. at 224.

Here, as the plaintiff concedes, if there was no declaratory judgment remedy, the plaintiff would have brought a claim for breach of contract, which is a claim that sounds in law, not equity. Accordingly, the Court finds that the plaintiff's declaratory judgment action does not fall under the exception to the arbitration clause for equitable relief.[1]

C.   The Case Should be Stayed Pending Arbitration

Although the defendant requests that the Court dismiss the case, Third Circuit case law reveals a preference to stay cases when enforcing arbitration clauses. Cf Lloyd v. Hovensa, 369 F.3d 263, 269 (3d Cir. 2004) ( "Accordingly, we hold that the

---

[1] Because the Court decides that the arbitration clause applies even assuming the validity of the plaintiff's declaratory judgment action, the Court does not address defendant's arguments that the plaintiff's claims do not fall within the scope of the Declaratory Judgment Act.

4

District Court was obligated under 9 U.S.C. § 3 to grant the stay once it decided to order arbitration.").

In <u>Lloyd</u>, the Third Circuit articulated three rationales for overturning the District Court's decision to dismiss rather than stay the action.  <u>See</u> <u>id.</u> at 269-271.  The first reason, that the text of the Federal Arbitration Act requires that result when a party moves for a stay, is not applicable here because the motion requests dismissal rather than a stay.  However, the other two rationales, namely that the Court continues to play a role in adjudicating disputes in the facilitation of arbitration and that a stay, unlike a dismissal, does not create an appealable issue that might further delay an actual arbitration, both apply to this case.

Accordingly, the Court will enforce the arbitration clause and place a stay in this case pending arbitration.

An appropriate order follows.